# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Deborah K. Sheiman, ) | |
|       Plaintiff, ) | No. CV-12-708-TUC-CKJ-DTF |
| ) | |
| vs. ) | **REPORT AND RECOMMENDATION** |
| ) | |
| Carolyn W. Colvin, ) | |
| Acting Commissioner of Social Security ) | |
| Administration, ) | |
| ) | |
|       Defendant. ) | |

Plaintiff Deborah Sheiman brought this action pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3), seeking judicial review of a final decision by the Commissioner of Social Security (Commissioner). Plaintiff filed her opening brief. (Doc. 17.) In response, the Commissioner moved to remand the case to the ALJ. (Doc. 25.) Plaintiff opposes the remand because she contends she is entitled to an immediate award of benefits. (Doc. 26.) Based on the pleadings and the administrative record submitted to the Court, the Magistrate Judge recommends the District Court, after its independent review, remand for further consideration.

## **PROCEDURAL HISTORY**

Plaintiff filed an application for Social Security disability insurance benefits (DIB) on March 5, 1999. (Administrative Record (AR) 115.) In an October 2001 decision, the ALJ concluded Sheiman could not perform her past relevant work as a therapist, social worker, car sales person or dual diagnosis coordinator, but was not disabled because she could perform other work such as cashier, information clerk and assembly. (AR 123-24.) After

1 being denied benefits, Sheiman continued to work in a variety of jobs including as a
2 therapist. (AR 55-56, 60, 63, 72.)

3 Sheiman again filed applications for DIB and supplemental security income (SSI) on
4 September 26, 2007. (AR 328, 336.) Plaintiff alleged disability from June 28, 2006, and June
5 28, 2007, respectively. (AR 328, 336.) After initial administrative denials (AR 133, 141),
6 Sheiman requested a hearing before an ALJ. After being re-set twice (AR 32-35, 36-48), a
7 hearing was held on July 15, 2010 (AR 49-95), and a supplemental hearing was held on
8 November 10, 2010 (AR 96-111). During one of the hearings, Sheiman amended her
9 disability onset date to March 31, 2008, because it was determined she had worked up until
10 that time. (AR 66.) ALJ George W. Reyes found that Sheiman was not disabled because she
11 could perform her past relevant work. (AR 14-22.) The Appeals Council denied Plaintiff's
12 request to review the ALJ's decision. (AR 1.)

## **FACTUAL HISTORY**

14 Plaintiff was born on August 31, 1950, making her 57 years of age at the onset date
15 of her alleged disability. (AR 328.) In the last fifteen years, her jobs which qualify as past
16 relevant work were as a marriage counselor/therapist and furniture sales consultant. (AR
17 401.) In March 2008, she quit her position as a therapist due to a conflict with her supervisor.
18 (AR 64-65.)

19 The ALJ found Plaintiff had several severe impairments: degenerative disc disease
20 of the cervical and lumbar spine; affective disorder and anxiety disorder. (AR 17.) The ALJ
21 concluded Plaintiff had not rebutted the presumption of non-disability that arose from the
22 2001 decision finding her not disabled. (AR 16-17.) More specifically, the ALJ found
23 Sheiman had not proven changed circumstances establishing a greater disability. (AR 17.)
24 The ALJ found Sheiman had the residual functional capacity (RFC) to perform light work,
25 but could only occasionally balance and must avoid concentrated exposure to hazards. (AR
26 19.) Further, the ALJ stated that Sheiman is able to respond to changes in a routine work
27 setting. (*Id.*) Based on this RFC, the ALJ concluded Plaintiff was not disabled because she

could do her past relevant work as a marriage counselor/therapist and as a furniture sales consultant. (AR 21.)

## STANDARD OF REVIEW

The Commissioner employs a five-step sequential process to evaluate DIB and SSI claims. 20 C.F.R. §§ 404.1520, 416.920; *see also Heckler v. Campbell,* 461 U.S. 458, 460-462 (1983). To establish disability the claimant bears the burden of showing she (1) is not working; (2) has a severe physical or mental impairment; (3) the impairment meets or equals the requirements of a listed impairment; and (4) claimant's RFC precludes her from performing her past work. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). At Step Five, the burden shifts to the Commissioner to show that the claimant has the RFC to perform other work that exists in substantial numbers in the national economy. *Hoopai v. Astrue*, 499 F.3d 1071, 1074 (9th Cir. 2007). If the Commissioner conclusively finds the claimant "disabled" or "not disabled" at any point in the five-step process, he does not proceed to the next step. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4).

"The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and for resolving ambiguities." *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995) (citing *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989)). The findings of the Commissioner are meant to be conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is "more than a mere scintilla but less than a preponderance." *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999) (quoting *Matney v. Sullivan*, 981 F.2d 1016, 1018 (9th Cir. 1992)). The court may overturn the decision to deny benefits only "when the ALJ's findings are based on legal error or are not supported by substantial evidence in the record as a whole." *Aukland v. Massanari*, 257 F.3d 1033, 1035 (9th Cir. 2001). This is so because the ALJ "and not the reviewing court must resolve conflicts in the evidence, and if the evidence can support either outcome, the court may not substitute its judgment for that of the ALJ." *Matney,* 981 F.2d at 1019 (quoting *Richardson v. Perales*, 402 U.S. 389, 400 (1971)); *Batson v. Comm'r of Soc. Sec. Admin.,* 359 F.3d 1190, 1198 (9th Cir. 2004). The Commissioner's decision, however, "cannot be affirmed simply by isolating a

1 specific quantum of supporting evidence." *Sousa v. Callahan*, 143 F.3d 1240, 1243 (9th Cir.
2 1998) (citing *Hammock v. Bowen*, 879 F.2d 498, 501 (9th Cir. 1989)). Reviewing courts must
3 consider the evidence that supports as well as detracts from the Commissioner's conclusion.
4 *Day v. Weinberger*, 522 F.2d 1154, 1156 (9th Cir. 1975).

## DISCUSSION

Sheiman argues the ALJ committed three errors: (1) the ALJ's Step Four finding that Plaintiff could perform her past relevant work, which was semi-skilled and skilled, was not based on substantial evidence because the ALJ restricted Sheiman to unskilled work; (2) the ALJ failed to properly apply *Chavez v. Bowen*, under which Sheiman would be found disabled; and (3) the ALJ erroneously evaluated examining psychologist Dr. Cohn's opinion. Plaintiff asks for an immediate award of benefits based on arguments 1 and 2 or, alternatively, remand for further proceedings.

Defendant requests that the Court remand this matter to the Commissioner for further proceedings because the Commissioner concedes the ALJ committed several errors in evaluating Plaintiff's case. In particular, Defendant concedes Plaintiff's errors 2 and 3; however, she does not agree that an immediate award of benefits is warranted.

### **Step Four**

Plaintiff requests that the Court deny the motion to remand for further proceedings because she contends she is entitled to an award of benefits based on the ALJ's Step Four error. The premise of Sheiman's argument is that the ALJ concluded Plaintiff was restricted to a "routine work setting," which limits her to unskilled work. Therefore, she could not do her past relevant work, which was semi-skilled and skilled. Further, at Step Five, with a limitation to unskilled work and being of advanced age, Plaintiff would be found disabled under the grid. The Court, however, disagrees with the underlying premise of her argument.

The ALJ set forth the following RFC for Sheiman:

> [T]he claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except the claimant may only occasionally balance. The claimant must avoid concentrated exposure to hazards such as dangerous machinery or unprotected heights. The claimant is able to respond to changes in a routine work setting.

- 4 -

(AR 19.) The ALJ's language did not limit the claimant to a routine work setting, rather, he stated only that changes in a routine work setting were within her abilities. Further, none of the sources upon which Sheiman relies tie routine work setting solely to unskilled work. Rather, under the governing regulations and rules, all competitive work requires the ability to deal with changes in a routine work setting not solely unskilled work. *See* 20 C.F.R. § 404.1521(b); SSR 85-15; Program Operations Manual System (POMS) § 25020.010 (providing that ability to respond to changes in a routine work setting is a basic mental ability needed for any job).[1] It is not clear why the ALJ singled out this one basic work activity to include in Sheiman's RFC but taken in context of the remainder of his decision it was not intended to restrict her to unskilled work. This is clear because he found she could do her past relevant work, which he classified as semi-skilled and skilled. (AR 21.)

Because the Court does not interpret the ALJ's ruling as limiting Sheiman to unskilled work, it does not find that she is entitled to an immediate award of benefits based on an error at Step Four.

### *Chavez v. Bowen*

Sheiman argues that if the ALJ had properly applied *Chavez v. Bowen*, 844 F.2d 691 (9th Cir. 1988), she should have been found disabled. Sheiman's case is subject to Social Security Acquiescence Ruling AR 97-4(9), which implemented *Chavez v. Bowen*. Pursuant to those decisions, when an ALJ is evaluating a subsequent disability application he must apply a presumption that the claimant is not disabled unless the claimant rebuts the presumption with changed circumstances. AR 97-4(9). One example of a changed circumstance is a change in the claimant's age category under 20 C.F.R. §§ 404.1563, 416.963. (*Id.*) If the presumption is rebutted, the ALJ must give effect to certain of the ALJ's findings on the prior claim, including a determination of the claimant's RFC, unless there is new and material evidence related to the finding. (*Id.*)

---

[1] Available at: https://secure.ssa.gov/poms.nsf.Inx/0425020010.

Here, the ALJ acknowledged *Chavez* but found Sheiman had not proven a change in circumstances. (AR 16-17.) This was error. Sheiman, in fact, rebutted the presumption of non-disability because she had moved into the category of advanced age, which begins at age 55. 20 C.F.R. §§ 1563(e), 416.963(e). The ALJ also erred because he failed either to adopt the RFC finding from the prior proceeding or to assess whether new evidence allowed him to re-determine Sheiman's RFC.

Sheiman argues these errors entitle her to a finding of disability at Step Five and an immediate award of benefits. Sheiman contends that the ALJ's finding that there was no change with respect to her impairments required him to adopt the RFC finding from the prior proceeding. The prior RFC was more restrictive than that found by ALJ Reyes and provided Sheiman could: perform a limited range of light work, limited to a supervised, low stress environment requiring few decisions with the ability to alternately sit or stand, and only occasionally bend, stoop, twist, squat, kneel, crawl, climb and balance. (AR 122-23.) If ALJ Reyes had adopted this RFC Plaintiff argues she would have been found unable to perform her past relevant work at Step Four because working as a therapist or a furniture sales consultant does not qualify as supervised, low-stress and requiring few decisions. This comports with the findings of the prior ALJ who concluded Sheiman could not perform past work as a therapist or car sales person. (AR 123.) Sheiman argues further that she should have been found disabled at Step Five based on the grids due to her shift into the category of advanced age. This argument assumes Sheiman has no transferable skills to perform work within her functional capacity range. However, Sheiman points to no record evidence that she has no transferable skills nor any law clarifying that, in her circumstances, her skills are necessarily not transferable. At one of the hearings, a vocational expert testified that Sheiman might have transferable skills to a sedentary position. (AR 68-69.) If the more restrictive RFC was applied it might be that Sheiman has no skills transferable to a position she is capable of performing, but she has not clearly supported that argument and this Court is not in a position to make that decision.

As an additional matter, what Sheiman is asking the Court to do is to reverse the ALJ's erroneous finding that there was no change in circumstances, with respect to her age category but then, without consideration of the record, hold the ALJ to his finding that there was no change in circumstances, with respect to her impairments. The Court declines to do so. The Court finds the ALJ erred in his initial application of *Chavez* by finding that Sheiman had not rebutted the presumption of non-disability in light of her increased age. He erred again in failing to apply *Chavez's* requirement that he adopt the prior RFC or explain what new, material evidence exists that allows him to make a new RFC finding.

**Dr. Cohn**

The Commissioner acknowledges the ALJ relied upon misstated evidence from Dr. Marjorie Cohn. In her evaluation, the doctor stated, "[i]t is not anticipated that the patient will be easily able to tolerate the stressors generic to the workplace such as job-specific decision-making, effective interfacing with supervision, peers and subordinates, regular punctuality/attendance and recurring deadlines." (AR 585.) The ALJ ignored the negative in this sentence and instead stated that Dr. Cohn found Sheiman could "easily tolerate" workplace stress, decision-making, interactions, attendance and punctuality. (AR 20.) The ALJ relied on this misstated evidence in evaluating Sheiman's RFC and her credibility. (AR 19-21.)

Sheiman also argues the ALJ failed to explain his rejection of the specific limitations found by Dr. Cohn, including her finding that Sheiman had slight to moderate limitations in performing simple and repetitive tasks, maintaining a work pace appropriate to a given work load, performing complex or varied tasks and relating to others beyond giving and receiving instructions. (AR 584.) Although there is contradictory evidence in the record (AR 469, 479), the ALJ still was required to provide "specific and legitimate reasons," supported by substantial evidence, to reject the opinion of examining psychologist Cohn. *Lester v. Chater*, 81 F.3d 821, 830-31 (9th Cir. 1995). He erred in failing to do so. The Court notes that, in addition to the ALJ not discussing the entirety of Dr. Cohn's opinion, the ALJ did not address any of the other psychological evidence in the record.

**CONCLUSION**

The Court finds the ALJ erred in his application of *Chavez v. Bowen* and AR 97-4(9), both in applying a presumption of non-disability and in assessing Sheiman's RFC. The Court also finds the ALJ erred in his treatment of Dr. Cohn's opinion.

A federal court may affirm, modify, reverse, or remand a social security case. 42 U.S.C. § 405(g). When a court finds that an administrative decision is flawed, the remedy should generally be remand for "additional investigation or explanation." *INS v. Ventura*, 537 U.S. 12, 16 (2006) (quoting *Fla. Power & Light Co. v. Lorion*, 470 U.S. 729, 744 (1985)); *see also Moisa v. Barnhart*, 367 F.3d 882, 886 (9th Cir. 2004). However, if there are no outstanding issues because "the record has been developed fully and further administrative proceedings would serve no useful purpose, the . . . court should remand for an immediate award of benefits." *Benecke v. Barnhart*, 379 F.3d 587, 593 (9th Cir. 2004). Here, the Court has concluded Plaintiff is not entitled to an immediate award of benefits based on the arguments she presented. Outstanding issues remain because the ALJ must reevaluate Sheiman's RFC in light of AR 97-4(9), Dr. Cohn's opinion and the entirety of the medical evidence. He also must re-evaluate Sheiman's credibility. Further, if he concludes Sheiman is unable to do her past relevant work based on her re-evaluated RFC he must assess Step Five and obtain additional vocational evidence as warranted.

**RECOMMENDATION**

For the foregoing reasons, the Magistrate Judge recommends the District Court, after its independent review, enter an order granting Plaintiff's request to reverse the Commissioner's final decision and granting Defendant's Motion to Remand for the ALJ to conduct further proceedings.

Pursuant to Federal Rule of Civil Procedure 72(b)(2), any party may serve and file written objections within fourteen days of being served with a copy of the Report and Recommendation. A party may respond to the other party's objections within fourteen days. No reply brief shall be filed on objections unless leave is granted by the district court. If

1  objections are not timely filed, they may be deemed waived. If objections are filed, the
2  parties should use the following case number: **CV 12-708-TUC-CKJ**.
3      DATED this 9th day of July, 2013.

*(signature)*

D. Thomas Ferraro
United States Magistrate Judge