**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

DEBORAH K. SHEIMAN,  )
                     )
        Plaintiff,   )
                     )                No. CIV 12-708-TUC-CKJ
vs.                  )
                     )
CAROLYN W. COLVIN, Acting )            **ORDER**
Commissioner of the Social )
Security Administration,  )
                     )
        Defendant.   )
_____)

On July 9, 2013, Magistrate Judge D. Thomas Ferraro issued a Report and Recommendation (Doc. 27) in which he recommended that this Court remand this matter to the Administrative Law Judge ("ALJ") for further consideration. Plaintiff Deborah K. Sheiman ("Sheiman") has filed objections and Defendant ("the Commissioner") has filed a response. This Court has made a *de novo* review of those portions of the report and recommendation to which an objection has been made. 28 U.S.C. § 636. For the following reasons, the Report and Recommendation will be adopted.

*Procedural History*

ALJ George w. Reyes issued a written decision in this matter in which he determined that Sheiman was not disabled because she could perform her past relevant work, which was

semi-skilled and skilled. The ALJ determined Sheiman had not rebutted the presumption of continuing nondisability and, in reaching his decision at step four of the five step sequential process utilized to evaluate DIB and SSI claims, *see* 20 C.F.R. §§ 404.1520. 416.920, the ALJ found that Sheiman:

> has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except the claimant may only occasionally balance. [Sheiman] must avoid concentrated exposure to hazards such as dangerous machinery or unprotected heights. [Sheiman] is able to respond to changes in a routine work setting.

Administrative Record ("AR") 19. The Appeals Council denied Sheiman's request for review.

Sheiman filed the Complaint in this case on September 27, 2012. Sheiman has filed an Opening Brief (Doc. 17) and the Commissioner has filed a Motion to Remand (Doc. 24). Magistrate Judge Ferraro has issued a Report and Recommendation (Doc. 27).

*Disability*

An insured individual is entitled to disability insurance benefits if he or she demonstrates, through medically acceptable clinical or laboratory diagnostic techniques, an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or metal impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months[.]" 42 U.S.C. §§ 423(d)(1) and (2). For a disability to be found, the impairment must be so severe that, considering the age, education, and work experience of the claimant, the claimant cannot "engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. § 423(d)(2)(A); *see e.g., Lounsburry v. Barnhart*, 468 F.3d 1111 (9th Cir. 2006).

A claimant can make a *prima facie* case for disability if she proves that she is not presently engaged in substantial gainful activity, the disability is severe, and she is not able to perform any work she has done in the past. *Thomas v. Barnhart*, 278 F.3d 947, 955 (9th

1 Cir. 2002); *see also* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). If the claimant meets this burden, the burden shifts to the Commissioner. *Id.* "When evidence reasonably supports either confirming or reversing the ALJ's decision, [a reviewing court] may not substitute [its] judgment for that of the ALJ." *Batson v. Commissioner of SSA*, 400 F.3d 1190, 1196 (9th Cir. 2004).

When adjudicating a subsequent claim involving an unadjudicated period, as here, a presumption of continuing nondisability exists and a claimant is not disabled with respect to that period unless the claimant rebuts the presumption. Social Security Acquiescence Ruling 97-4(9); *see also Chavez v. Bowen*, 844 F.2d 691 (9th Cir. 1988). The presumption may be rebutted by showing a "changed circumstance" such as a change in a claimant's age category or an increase in the severity of a claimant's impairment. *Id*. Further, if a claimant rebuts the presumption, the prior residual functional capacity ("RFC") must be given effect unless there is new and material evidence relating to the determination or there has been a change in the law. *Id*.

*Routine Work Setting*

Sheiman asserts she proved she was clearly disabled at step five given the ALJ's residual functional capacity ("RFC") assessment. Sheiman asserts the magistrate judge erred in determining that a routine work setting encompasses unskilled, semi-skilled, and skilled work. The magistrate judge stated:

> The ALJ's language did not limit the claimant to a routine work setting, rather, he stated only that changes in a routine work setting were within her abilities. Further, none of the sources upon which Sheiman relies tie routine work setting solely to unskilled work. Rather, under the governing regulations and rules, all competitive work requires the ability to deal with changes in a routine work setting not solely unskilled work. See 20 C.F.R. § 404.1521(b); SSR 85-15; Program Operations Manual System (POMS) § 25020.010 (providing that ability to respond to changes in a routine work setting is a basic mental ability needed for any job). [Footnote omitted.] It is not clear why the ALJ singled out this one basic work activity to include in Sheiman's RFC but taken in context of the remainder of his decision it was not intended to restrict her to unskilled work. This is clear because he found she could do her past relevant work, which he classified as semi-skilled and skilled.

- 3 -

1  Report and Recommendation, p. 5, *citing* AR 21.

2  Sheiman asserts that she proved the ALJ restricted Sheiman to unskilled work by
3  virtue of his restriction of Sheiman to a routine work setting. Doc. 29, p. 2. Sheiman argues,
4  that because the ALJ made the statement in the context of the RFC assessment, he was
5  finding Sheiman was unable to respond to changes in a non-routine work setting. In support
6  of this argument, Sheiman cites to 20 C.F.R. § 404.1545(a) where an RFC is defined as the
7  most a claimant can still do despite her limitations.

8  However, the ALJ's statement in the context of the RFC assessment did not limit
9  Sheiman to a routine work setting. Further, Sheiman has not provided any authority that a
10 routine work setting can only be in reference to unskilled work. Rather, this Court agrees
11 with the magistrate judge that the governing regulations and rules lead to the opposite
12 conclusion, i.e., that under the governing regulations and rules, work requires the ability to
13 deal with changes in a routine work setting. *See e.g.,* 20 C.F.R. § 404.1521(b)(6) ("When
14 we talk about basic work activities, we mean the abilities and aptitudes necessary to do most
15 jobs. Examples of these include . . . Dealing with changes in a routine work setting.").
16 Contrary to Sheiman's assertion that the magistrate judge made an error in the law, the Court
17 adopts this determination of the magistrate judge.

18 Sheiman also asserts that the magistrate judge erred in determining the ALJ did not
19 restrict Sheiman to unskilled work because ALJ Reyes found that Sheiman could perform
20 "semi-skilled" and "skilled" work. Indeed, Sheiman asserts she is relying on the plain
21 language of the ALJ's decision. However, the magistrate judge did not erroneously assume
22 the correctness of the ALJ's rationale. Rather, the magistrate judge simply placed the ALJ's
23 statement regarding the routine work setting in the context of the entire ALJ decision – this
24 context does not mean the magistrate judge assumed the correctness of the ALJ's rationale.
25 Moreover, this Court disagrees with Sheiman's "plain language" reading. Simply because
26 the statement was included next to the RFC assessment does not limit the statement to
27 unskilled work. Rather, a plain language reading results in a conclusion the ALJ determined

28

Sheiman is able to respond to changes in a routine work setting – nothing more, nothing less.

*Residual Functional Capacity*

As stated by the magistrate judge:

> Here, the ALJ acknowledged *Chavez* but found Sheiman had not proven a change in circumstances. (AR 16-17.)  This was error. Sheiman, in fact, rebutted the presumption of non-disability because she had moved into the category of advanced age, which begins at age 55. 20 C.F.R. §§ 1563(e), 416.963(e). The ALJ also erred because he failed either to adopt the RFC finding from the prior proceeding or to assess whether new evidence allowed him to re-determine Sheiman's RFC.

Doc. 27, p. 6.  The parties have not objected to this conclusion.  However, Sheiman asserts the errors warrant an immediate award of benefits.

"When an ALJ's denial of Social Security disability benefits is not supported by the record, the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation; a court may exercise its discretion and direct an award of benefits, however, where no useful purpose would be served by further administrative proceedings and the record has been thoroughly developed." 81 CJS, Social Security and Public Welfare § 170 (2013), *citing Hill v. Astrue*, 698 F.3d 1153 (9th Cir. 2012).  Indeed, the Ninth Circuit Court of Appeals stated:

> Remand for further proceedings is appropriate where there are outstanding issues that must be resolved before a determination can be made, and it is not clear from the record that the ALJ would be required to find the claimant disabled if all the evidence were properly evaluated.

*Hill*, 698 F.3d at 1062, *citations omitted*.  In this case, the ALJ did not adopt Sheiman's RFC finding from the prior proceeding or assess whether new evidence allowed him to re-determine Sheiman's RFC.  As discussed by the magistrate judge, *see* Doc. 27, pp. 9-7, it is not clear the ALJ would be required to find Sheiman disabled if all of the evidence were properly evaluated.[1]  Indeed, the Court agrees with the magistrate judge's assessment that

---

[1] Sheiman has not pointed to any evidence in the record that she has no transferrable skills, while a vocational expert testified Sheiman may have transferable skills to a sedentary position.  It must be determined if new and material evidence support an RFC finding

1  "what Sheiman is asking the Court to do is to reverse the ALJ's erroneous finding that there
2  was no change in circumstances, with respect to her age category but then, without
3  consideration of the record, hold the ALJ to his finding that there was no change in
4  circumstances, with respect to her impairments." Report and Recommendation, Doc. 27, p.
5  7. Rather, this Court finds there are outstanding issues to be resolved before a determination
6  can be made. An award of benefits at this time is not appropriate.

*Relationship Between Unskilled Work and a Routine Work Setting*

Sheiman alternatively requests the Court order an ALJ on remand to reconcile a restriction to a routine work setting with a finding of non-disability based on semi-skilled and skilled work. However, the resolution of the terms may not be at issue in the context of a new decision by the ALJ. In effect, Sheiman is requesting this Court to direct the ALJ to issue an advisory opinion if such resolution is not needed. The Court declines to do so. *Abbott Laboratories v. Gardner*, 387 U.S. 136, 148, 87 S.Ct. 1507, 1515, 18 L.Ed.2d 684 (1967) (Generally, courts invoke the ripeness doctrine and refuse to decide matters which would involve "entangling themselves in abstract disagreements . . . "); *West v. Secretary of the DOT*, 206 F.3d 920, 924 (9th Cir. 2000) (courts avoid advisory opinions on abstract propositions of law).

Accordingly, after an independent review, IT IS ORDERED:

1. The Report and Recommendation (Doc. 27) is ADOPTED.

2. The Commissioner's Motion for Remand (Doc. 24) is GRANTED.

3. This matter is REMANDED to the Commissioner for further administrative proceedings consistent with the Report and Recommendation, as adopted by this Court, and pursuant to sentence four of the Social Security Act, 42 U.S.C. § 405(g).

---

different from the 2001 decision and, if so, whether Sheiman still has the residual functional capacity to perform her past work or alternate work.

4. The Clerk of Court shall enter judgment in this case pursuant to Fed.R.Civ.P. 58 and shall then close its file in this matter.

DATED this 24th day of September, 2013.

_____
Cindy K. Jorgenson
United States District Judge